(No. 17191.—Decree affirmed.)
LOUISA L. FIFE, Appellant, *vs.* DAVID FIFE *et al.* Appellees.

*Opinion filed February 18, 1926.*

WILLS—*effect of renunciation under section 10 of Dower act in force prior to 1925.* A widow who in 1924 renounces a provision for her in· the will of her husband, who died leaving children, does not become entitled to one-third of the real estate in fee under the Statute of Descent as amended in 1923, as that act applies only to intestate estates, and the renunciation does not render the estate intestate, but the widow's rights are limited to dower in the lands and to one-third of the personal estate after payment of all debts, as provided in section 10 of the Dower act in force prior to 1925, and the real estate included in the provision renounced by her descends to the testator's heirs.

APPEAL from the Circuit Court of Crawford county; the Hon. JULIUS C. KERN, Judge, presiding.

BRADBURY, GAINES & BRADBURY, for appellant.

PARKER & COX, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

William Fife, Sr., died at his home in Crawford county, Illinois, on May 15, 1924. He left surviving, his widow, Louisa L. Fife, and seven children, all of whom were the issue of a former marriage. At the time of his death he was the owner in fee of approximately 400 acres of land, also a one-fourth interest and the dower interest of his wife in an additional 40-acre tract which had previously belonged to her former deceased husband. In 1923 Fife made and executed his last will, wherein he devised and bequeathed to his widow and to each of his seven children a one-eighth part of all his estate. The will was admitted to probate in the county court of Crawford county on June 4, 1924, and the executor named therein was duly appointed and qualified. During July of the same year the widow filed her written renunciation of the provisions of

the will and also filed in the recorder's office of Crawford county her relinquishment of dower in the real estate of her deceased husband and elected to take in lieu thereof one-third of the lands in fee. Thereafter the widow filed her bill in the circuit court of Crawford county seeking partition of the lands of which Fife died seized and claiming a one-third interest in fee therein under the Statute of Descent. After the pleadings were settled the cause was heard by the court upon the amended bill, answer and replication. The court found the widow was not entitled to any interest in the fee; that by her renunciation of the will she elected to take, and was given by the law, dower in all the real estate of her husband except as to the 40-acre tract described, in which she had, as the widow of a former husband, been previously assigned dower. A decree was entered accordingly, and there being a prayer for general relief in the bill, commissioners were appointed by the court to allot and assign dower. From that decree the widow has prosecuted an appeal to this court.

The only question presented in the briefs for our consideration is whether appellant by the renunciation of her husband's will is entitled to dower only in the lands of her husband under section 10 of the Dower act as it existed prior to 1925, (Smith's Stat. 1923, p. 749,) or may take one-third of the lands in fee under clause 4 of section 1 of the Statute of Descent, upon compliance therewith. (Smith's Stat. 1923, p. 744.)

Appellant contends that the Statute of Descent should be applied, whereby the widow is entitled to take a one-third interest in fee in the lands of her deceased husband. It is the contention of appellees that statute has no application; that the rights of appellant are expressly fixed by section 10 of the Dower act, whereby the surviving spouse is given dower in the lands and one-third of the personal estate after the payment of all debts, and that the decree should therefore be affirmed.

Without unnecessarily lengthening this opinion, we may say that this question has received the consideration of this court in *Kilgore* v. *Kilgore,* 319 Ill. 298. Under a similar state of facts as here presented we held that section 1 of the Statute of Descent had no application whatever. Clause 4 of section 1 of the Statute of Descent applies only to intestate estates. (*Shoup* v. *Shoup,* 319 Ill. 179.) By the will of William Fife, Sr., he disposed of his entire estate equally between his wife and seven children, and no part of his estate was intestate property. The renunciation of the will by appellant did not convert the estate of her deceased husband into an intestate estate. *Davis* v. *Mather,* 309 Ill. 284; *Marvin* v. *Ledwith,* 111 id. 144; *Kilgore* v. *Kilgore, supra.*

When appellant renounced the will, in 1924, section 10 of the Dower act definitely fixed her rights, which were, dower in the lands and one-third of the personal estate after the payment of all debts. The decree recites that the fee simple title to the lands was in defendants, (appellees here,) "as the only children and only heirs-at-law of William Fife, Sr." Under the provisions of the will title to seven-eighths of the fee was devised to the children of the deceased and one-eighth thereof to the widow. When the widow renounced the provisions of the will her one-eighth share mentioned therein became intestate estate and descended to the children as heirs. Hence seven-eighths of the fee became vested in the deceased's children as devisees and the other one-eighth descended to them as heirs. However, the result is the same, and the entire fee simple estate became vested in appellees.

The decree of the circuit court is affirmed.

*Decree affirmed.*