*In re* WINANS' ESTATE.

WINANS *v.* PROCTOR.

1. WILLS—ELECTION OF WIDOW.

    Widow's election to take same share of late husband's estate as provided by law in case he had died intestate did not destroy the will or render any part of the estate devised thereby intestate (3 Comp. Laws 1929, § 13085 [c], as amended by Act No. 242, Pub. Acts 1931).

2. Same—Statutes—Election of Widow—Devise of Balance of Estate to Others.

Widow who was entitled under the statute to one-half of late husband's estate absolutely and to balance thereof subject to any devise or legacy which husband had made by will and who elected to take under the statute *held,* not entitled to any portion of remaining half where will had ordered entire estate sold and devised 50 per cent. of proceeds to widow and balance to others (3 Comp. Laws 1929, § 13085 [c], as amended by Act No. 242, Pub. Acts 1931).

Bushnell, Potter, and McAllister, JJ., dissenting.

Appeal from Wayne; Simpson (John), J., presiding. Submitted January 4, 1939. (Docket No. 42, Calendar No. 40,336.) Decided April 4, 1939. Rehearing denied June 22, 1939.

In the matter of the estate of Benjamin H. Winans, deceased. On petition of Myrtle Pfeifle and Roy H. Proctor for an order directing the executor to deliver one-half of the real estate to them. Judgment for petitioners. The widow appealed to circuit court. Judgment affirmed. The widow appeals. Affirmed.

*Jerome Mettetal* for appellant.

*Wilbur J. Danaher* and *S. Reymont Paul,* for appellees.

Wiest, J. The judgment in the circuit court should be affirmed. The estate consisted mainly of real estate.

The widow elected to take "the same share or part of the said estate left by my late husband, * * * as provided by law in case he had died intestate." This did not destroy the will or render any part of the estate devised thereby intestate. *Kilgore* v. *Kil-*

*gore,* 319 Ill. 298 (149 N. E. 754) ; *Fife* v. *Fife,* 320 Ill. 270 (150 N. E. 630) ; *Suiter* v. *Suiter,* 323 Ill. 519 (154 N. E. 337). See, also, *In re Povey's Estate,* 271 Mich. 627, 631 (99 A. L. R. 1183). Had there been no will, the widow, under the circumstances, would take the whole estate, but there being a will and an election by the widow not to take thereunder but have her share as provided by law in case of intestacy then the statute quoted by my brother in this instance operates as one of limitation by providing:

"That where the effect of such election on the part of the widow under this subdivision shall be to enable such widow to take all of the real estate of the husband [as in this instance], then her election shall be limited so as to enable her to take a one-half interest therein absolutely. The other one-half interest in said real estate shall go to her subject to any devise or legacy which may be provided by the husband in his last will and testament." 3 Comp. Laws 1929, § 13085, subd. (c), as amended by Act No. 242, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 13085, subd. [c] ; Stat. Ann. § 26.234, subd. [c]).

Testator gave his wife one-half of the proceeds from the sale of his estate, whether real, personal, or mixed, and the other half he devised in equal parts to Myrtle Pfeifle and Roy H. Proctor.

Under the mentioned statute the widow, by her election, was entitled to one-half of the estate, and the other half, being devised to others by the will, was not subject to her participation. If there had been property not devised, then the widow would take. Subjecting the right of the widow in the other half "to any devise or legacy which may be provided by the husband in his last will and testament" does not permit subjecting such devises and legacies to an

interest in the widow. The language "subject to" renders the widow's right inferior to that of the devisees. If the devise is of all the estate above one-half thereof, then one whose right to take is subject thereto can take no part thereof.

The judgment in the circuit court is affirmed, with costs to appellees.

BUTZEL, C. J., and SHARPE, CHANDLER, and NORTH, JJ., concurred with WIEST, J.

POTTER, J. (*dissenting*). Benjamin H. Winans, of California, died testate, leaving real estate in Michigan. By the fifth paragraph of his will, he provided:

"All the rest, residue, and remainder of my estate, whether real, personal, or mixed and of whatsoever nature it may be, and wheresoever situate, I direct my executor hereinafter named to convert the same into cash with all speed, commensurate with the accomplishment of said conversion without too great sacrifice or prejudice to my estate, and I further direct that the said conversion must be accomplished within two years after the date of my death; and I give and bequeath the net proceeds from the said sale of the said residue to my wife, Elizabeth M. Winans, Myrtle Pfeifle, and Roy H. Proctor, of Madison, Wisconsin, in the following proportions: To my wife, Elizabeth M. Winans, 50 per cent. thereof; to Myrtle Pfeifle aforesaid, 25 per cent. thereof; and to Roy H. Proctor aforesaid, the remaining 25 per cent."

His widow, Elizabeth M. Winans, filed notice of her election to take under the statute. 3 Comp. Laws 1929, § 13085, subd. (c), as amended by Act No. 242, Pub. Acts 1931 (Comp. Laws Supp. 1935,

§ 13085, subd. [c]; Stat. Ann. § 26.234, subd. [c]), provides:

"Whether she will take the same share or part of the real estate left by her husband as provided by law in case he had died intestate; but she shall not be entitled to more than one such choice, unless it plainly appears by the will to have been so intended by the testator: *Provided, however,* That where the effect of such election on the part of the widow under this subdivision shall be to enable such widow to take all of the real estate of the husband, then her election shall be limited so as to enable her to take a one-half interest therein absolutely. The other one-half interest in said real estate shall go to her subject to any devise or legacy which may be provided by the husband in his last will and testament."

Myrtle Pfeifle and Roy H. Proctor filed a petition with the probate court for an order directing the executor to deliver one-half of the real estate to them. The probate court entered an order that the widow, Elizabeth M. Winans, should take a one-half interest in the real estate and the other one-half should go to petitioners Myrtle Pfeifle and Roy H. Proctor in equal shares. From this order, an appeal was taken to the circuit court where the order of the probate court was affirmed, and the case comes here by appeal by the widow.

The testator, subject to the law, could devise his Michigan real estate as he saw fit. 3 Comp. Laws 1929, § 13478 (Stat. Ann. § 26.1061). Upon the will of the deceased being admitted to probate, his widow under the former statute could elect to take the same interest in her husband's real estate as if he had died intestate. 3 Comp. Laws 1929, § 13085.

It is conceded deceased left a widow but no issue, father, mother, brother, or sister; and no child or

children of any brother or sister; so that, by 3 Comp. Laws 1929, § 13440, subd. (4), as amended by Act No. 79, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 13440, subd. [4]; Stat. Ann. § 26.981, subd. [4]), the widow, appellant here, would have taken all of the real estate of the deceased in Michigan but for the provisions of Act No. 242, Pub. Acts 1931, which amended 3 Comp. Laws 1929, § 13085, by adding thereto a proviso that where the effect of such election on the part of the widow is to enable such widow to take all of the real estate of the husband, then her election shall be limited so as to enable her to take a one-half interest therein absolutely. "The other one-half interest in said real estate *shall go to her* subject to any devise or legacy which may be provided by the husband in his last will and testament." It is agreed that under the language of this statute, upon her election, the plaintiff and appellant was entitled to one-half of the real estate of her deceased husband absolutely.

The dispute here is upon the construction of the language above quoted relating to the other one-half of his real estate. That one-half of his real estate, upon her election, was to go to her "subject to any devise or legacy which may be provided by the husband in his last will and testament,"— that is, such devise or legacy as should be made by the last will and testament of the deceased should operate only upon the one-half interest which would otherwise go to the widow. By the will, a conversion of the real estate into personal property is directed to be made within two years. This conversion affects the one-half interest in the real estate not taken absolutely by the widow. When the proceeds of this one-half interest come into the hands of the executor of the estate, it becomes subject to the terms of the will of

the testator which provides that it shall go "to my wife, Elizabeth M. Winans, 50 per cent. thereof; to Myrtle Pfeifle aforesaid, 25 per cent. thereof; and to Roy H. Proctor aforesaid, the remaining 25 per cent."

This, we think, is the logical and reasonable construction of the statute as applied to the facts here.

Judgment should be reversed, with costs, and the cause should be remanded for the entry of a judgment in accordance herewith.

BUSHNELL, and MCALLISTER, JJ., concurred with POTTER, J.