FRANKLIN, APPELLANT, *v.* FRANKLIN, RESPONDENT.

(No. 2,809.)

(Submitted January 17, 1910. Decided January 20, 1910.)

[106 Pac. 353.]

*Divorce—Nature of Action—Public Policy—Conviction of Felony—Limitations—Default of Defendant—Denial of Relief— When Proper.*

Divorce—Nature of Action—Public Policy.

1. An action for divorce is not a mere controversy between private parties, but one in which the state is interested as an adverse party, so far as to oppose the granting of a decree unless a case is made which comes within the rules prescribed by the statute.

Same—Conviction for Felony—Default of Defendant—Statutory Limitation
   —Denial of Relief—When Proper.
   2.  Where the complaint in an action for divorce, asked for on the
   ground that defendant had been convicted of a felony, showed that
   two years had elapsed since conviction, and, in the absence of any
   excuse for the delay in bringing suit, the court, notwithstanding de-
   fendant's default, properly denied the divorce *sua sponte,* under sec-
   tion 3670, Revised Codes, which provides that when the action is
   not commenced within two years after conviction, relief must be de-
   nied.

*Appeal from District Court, Custer County; Sydney Sanner, Judge.*

ACTION for divorce by Mary Franklin against Fred J. Frank-
lin.  From a judgment of dismissal, plaintiff appeals.  Affirmed.

*Messrs. Milburn & Hunter* submitted a brief in behalf of Ap-
pellant.

No appearance in behalf of Respondent.

Cause submitted on brief of appellant.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the court.

Action for a decree dissolving the bonds of matrimony be-
tween plaintiff and defendant.  The complaint was filed on May
28, 1909.  The cause of action stated is that defendant was, on
May 26, 1906, by a judgment of the district court of Dawson
county, duly convicted of a felony, to-wit, forgery, and sentenced
to a term of years in the state prison, where he is undergoing
his punishment.  The defendant, having been duly and regu-
larly served with process, suffered default.  When the plaintiff
offered evidence to establish her cause of action, the court, upon
inspection of the complaint, concluded that since the action had
not been brought within two years from the date of the judgment
of conviction, and no excuse was alleged as a reason why it had
not been brought within two years, the plaintiff was not entitled
to relief.  Judgment was thereupon rendered and entered dis-
missing the action.  Plaintiff has appealed and submits the ques-
tion whether this action was proper in the absence of an answer

pleading specially in bar the provision of section 3670, Revised Codes. This provision is: ''A divorce must be denied: * * * (2) When the cause is conviction of felony, and the action is not commenced before the expiration of two years after final judgment and sentence.'' The argument is that this provision is a mere limitation as to the time within which the action may be brought; that section 6475, Revised Codes, provides that the objection that the action was not commenced within the time limited can be taken only by answer; and that, since the defendant interposed no defense, the court had no power to deny relief *sua sponte.* We are not aided in the determination of the question involved by brief or argument on behalf of defendant, and public policy, which must always be taken into account in actions of this character, is not referred to in the brief of the plaintiff.

Upon the theory that an action for divorce is an action to adjust private rights merely, the position of counsel would be correct, for if the provision quoted above is to be regarded as a limitation upon the enforcement of a private right in which the public has no concern, it is left to the option of the defendant to avail himself of it or not, as he pleases. But the state makes itself a party to every marriage, in that it requires the contract to be entered into before officers designated by itself, or by the mutual and public assumption by the parties of the marriage relation. (Revised Codes, sec. 3607.) The consent of the parties is necessary, and to this extent the assumption of the relation may be said to depend upon private contract; but, when the *status* of the parties has once been established, it is to the interest of the state that it be permanent. Upon this condition depends the home, upon the preservation of which, in turn, depends good citizenship and the permanency of a republican form of government. The state therefore favors the institution of marriage. For the same reason it is not favorable to divorces, and permits them only when the relations of the parties become such that the interest of the public, as well as of their own, requires that they be permitted to reassume their independence. It rests exclusively with the legislature to prescribe the grounds

upon which divorces may be granted, and also to prescribe such
conditions as to residence of the parties within the jurisdiction,
and such limitations as to the time within which actions may be
brought, to secure them, as it deems public policy requires.
(*Deyoe* v. *Superior Court*, 140 Cal. 476, 98 Am. St. Rep. 73,
74 Pac. 28; *Dennis* v. *Dennis*, 68 Conn. 186, 57 Am. St. Rep. 95,
36 Atl. 34, 34 L. R. A. 449; *Dutcher* v. *Dutcher*, 39 Wis. 651;
14 Cyc. 577; 1 Nelson on Divorce and Separation, sec. 8.) And
the doctrine is generally recognized that such an action is not a
mere controversy between private parties, but that the state is
interested as an adverse party so far as to oppose the granting
of a decree unless a case is made which comes within the rules
prescribed by the statute.

In *Bordeaux* v. *Bordeaux*, 32 Mont. 159, 80 Pac. 6, this court
said: "An action for divorce is peculiar in its nature, in that,
besides the interests of the parties involved, the public is also
interested and for this reason the conscience of the court is
appealed to by this interest not to permit the divorce unless
the facts presented on the whole record justify it." This was
said with reference to the defense of condonation, not specially
pleaded but appearing from the evidence as a whole. The same
principle is recognized in the case of *Rumping* v. *Rumping*, 36
Mont. 39, 91 Pac. 1057, 12 L. R. A., n. s., 1197, wherein the
court had under consideration section 3674 of the Revised Codes,
which prohibits the granting of a divorce unless the plaintiff
has been a resident of the state for one year next preceding the
bringing of the action. There the allegation touching residence
was held to be not a matter of defense, but a fact necessary to
be alleged by the plaintiff to confer jurisdiction upon the court,
and that it was the duty of the court to make inquiry, *ex officio,*
and deny the decree unless the fact was established. The fol-
lowing language is quoted with approval from *Dutcher* v.
*Dutcher, supra:* "It concerns the public welfare that the state
should not be made a free mart of divorce for strangers, and
that, amongst her own people, divorce should not become matter
of free will as much as marriage—a personal right independent
of public right and inconsistent with public welfare. Divorces

without the letter and spirit of the statute in fact, but made to look within it by design or mistake or accident, are frauds upon the statute and offenses against public policy. And it is the duty of the courts, *ex officio,* * * * to look closely into actions for divorce, and to direct inquiries into the facts, when necessary, and finally to deny all divorces which would be abuses of the statute.'' (See, also, 2 Bishop on Marriage and Divorce, 231, 253, 338; Nelson on Divorce and Separation, sec. 8.) If this is the correct theory, the argument of plaintiff is not sound, for to give it way would be to eliminate entirely from every case the feature of public interest, and leave it to the defendant to consent to the decree either by failing to make a defense or by omitting to invoke the statute. The language of section 3670 is no more imperative than is that of section 3674. Both declare that ''a divorce must be denied,'' in the one case if the action is not brought within two years after final judgment and sentence, and in the other if the plaintiff has not been a resident of the state for the required time. It would seem inconsistent to hold that in the latter case on grounds of public policy the fact must be alleged and proved, and that in the former it is a matter of no concern, except to the parties, when the action is brought.

Counsel for plaintiff cite and rely upon the cases of *Bihin* v. *Bihin,* 17 Abb. Pr. (N. Y.) 19, and *Kaiser* v. *Kaiser,* 16 Hun (N. Y.), 602. They are both in point; but both seem to adopt the theory that the action is a mere private controversy about which the public has no conern. We agree with the rule stated in the dissenting opinion of Judge Davis, in *Kaiser* v. *Kaiser:* ''The statute on which the court below refused the decree in this case is not a mere statute of limitations. It enters into, and is a substantive part of, the right or cause of action, and the party seeking the relief for which it provides must affirmatively establish, before the decree of divorce can be granted, that the action was brought within the two years specified by the statute. The action is the creature of the statute. No such action existed at the common law, and it is made a condition of the right to maintain the action that it should be brought within a prescribed time. When it appears affirmatively that the suit was

not commenced within the prescribed time, the court has no
jurisdiction to pronounce a decree dissolving the marriage rela-
tion.  This has always been the construction given to the statute
by the rules and practice of the court of chancery and of this
court, and by the decisions.  A similar rule prevails as to actions
for divorce for adultery.  The statute is based upon grounds
and reasons in no sense analogous to those on which ordinary
limitations rest.''  (See, also, Nelson on Divorce and Separa-
tion, sec. 524.)  While this author says that the statute should
be pleaded by defendant in order to be availed of, he never-
theless recognizes the rule that, if the plaintiff's own case re-
veals the fact that the statutory limitation has run, the court
should, if the public interest requires, dismiss the action; and
in the latter part of the same paragraph he says that Judge
Davis in his dissenting opinion states the true rule of the law.

The judgment of the district court is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.