(No. 17077.—Reversed and remanded.)
IDA KILGORE et al. Appellees, vs. REUBEN B. KILGORE et al.
Appellants.

*Opinion filed December 16, 1925.*

1. DESCENT—*provision for absolute estate in lieu of dower applies only to intestate estates.* The provision of the fourth paragraph of section 1 of the Statute of Descent, as amended in 1923, that a widow or surviving husband may take in lieu of dower an absolute estate in one-third of each parcel of the real estate of the deceased spouse does not apply to testate property, as the will disposes of the property and the surviving spouse has no vested right except as may be given in the will, and prior to the amendment of section 10 of the Dower act in 1925 had no interest in the real estate except homestead, if any, and dower.

2. WILLS—*renunciation of will by widow does not render estate intestate.* Where a widow renounces the provision made for her by the will of her deceased husband and elects to take under the law, such renunciation does not have the effect of rendering any part of the estate of the deceased husband intestate estate.

APPEAL from the Circuit Court of Saline county; the Hon. A. E. SOMERS, Judge, presiding.

ISAAC A. LOVE, and REUBEN B. KILGORE, for appellants.

W. C. KANE, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Willis W. Kilgore on November 9, 1924, died testate in Saline county, Illinois, and left him surviving his widow, Ida Kilgore, and his children, Sadie Fiala, Ranna McKinley, Reuben B. Kilgore, Delman Kilgore, Gladys Sullivan and Glenn Kilgore, his only heirs-at-law, and in and by his last will and testament made certain provisions for his widow. At the time of his death decedent was seized of four pieces of real estate in Harrisburg, Illinois, one of which he was occupying as his homestead. On December 29, 1924, Ida Kilgore, his widow, filed in the office of

the recorder of deeds of Saline county an instrument in writing by which she waived her right of dower as such widow in each and every parcel of real estate of which her husband died seized and elected to take in lieu thereof, as her absolute estate, one-third of each parcel of such real estate, which waiver and election were duly recorded. On January 3, 1925, the widow filed her bill in the circuit court of Saline county for partition and homestead, claiming to be the owner in fee of one-third of the real estate of which her husband died seized. Thereafter an amendment was filed to the original bill, making some minor corrections. Separate demurrers were filed to the bill by Reuben B. Kilgore, as executor and trustee under the will, and by the children and heirs of the deceased, on the ground that Ida Kilgore had no interest in the real estate, in fee simple or otherwise, except a dower interest, and that she was not entitled to partition. The court, on consideration, overruled the demurrers. Defendants elected to stand by the same, whereupon they were defaulted and the bill as amended was referred to the master in chancery to take proofs and report his findings of fact and conclusions of law. The master in chancery filed his report, in which he found, as a matter of law, that Ida Kilgore was entitled to homestead, and that by reason of her rejection of the provisions of the will and her election to take under the statute in lieu thereof she became and was seized of an absolute estate of one-third part of each parcel of real estate of which her husband died seized; that she was entitled to one-third of all his personal estate, and that the rest and remainder of the property was held by Reuben B. Kilgore as executor and trustee under the terms of the will. This report was approved by the court and a decree entered in accordance with its findings, from which decree appellants have perfected an appeal to this court.

The only question in the case is a question of law as to the construction of the Statute of Descent as the same

was amended July 1, 1923, section 1 of which provides: "That estates, both real and personal, of residents and non-resident proprietors in this State dying intestate, or whose estates or any part thereof shall be deemed and taken as intestate estate, after all just debts and claims against such estate are fully paid, shall descend to and be distributed in manner following, to-wit:  *  *  *

"Fourth. When there is a widow or a surviving husband and also a child or children or descendants of such child or children of the intestate, the widow or surviving husband shall receive, as his or her absolute personal estate, one-third of all the personal estate of the intestate; and he or she shall also receive as his or her absolute estate, in lieu of dower therein, one-third of each parcel of real estate of which the intestate died seized and in which such widow or surviving husband shall waive his or her right of dower. Such waiver may be effected by either or both of the following methods:

"(a) By filing or recording, within one year after the death of the intestate, in the manner hereinafter provided, an instrument in writing duly signed and acknowledged by the surviving widow or husband expressing his or her intention to waive dower in such real estate; and

"(b) By failing to file or record within one year after the death of the intestate, in the manner hereinafter provided, an election to take dower in such real estate.

"Such election to take dower in such real estate shall be by instrument in writing duly signed and acknowledged by the widow or surviving husband, which shall state in substance that he or she elects to take dower in such real estate instead of an absolute one-third thereof. Except as hereinafter provided as to registered real estate, each of said instruments shall be effective as to all real estate of which intestate died seized, lying in the county in which it is filed or recorded, but shall not be effective for any purpose as to any other real estate.

"Each such instrument whether electing to take or waive dower, shall be filed in the office of the recorder of deeds of the county in which the real estate sought to be affected lies, except that where the title to such real estate is registered under the provisions of 'An act concerning land titles,' approved May 1, 1897, such instrument shall be filed in the office of the registrar of titles of the county in which such registered real estate lies, and shall, by legal description, specifically describe such registered real estate, and shall be entered as a memorial on each folium of the register of titles relating to the title of such registered real estate, or any part thereof, and shall affect no other registered real estate not so specifically described and no non-registered real estate.

"No such instrument whether electing to take or waive dower shall be of any effect unless filed or recorded within the time, in the manner, and in the office herein provided.

"Nothing herein provided shall bar the right of any widow or surviving husband to dower existing at the date of death of the intestate, in real estate of which the intestate did not die seized."

During the lifetime of decedent the widow, Ida Kilgore, had no interest as heir in the lands owned by him under the law of descent. Her only interest in those lands was an inchoate right of dower. When he died testate she acquired no vested right in his estate under the law of descent. Her only right and interest in his estate under the law as it then stood was a right of dower. The provision for her in the will in lieu of dower was in legal effect an offer to purchase her dower interest for the benefit of the estate. Under the statute she was entitled to dower, or under the will to the devise or provision made for her in lieu of dower, but was not entitled to both dower and devise under the will. If the widow did not wish to sell her dower interest for the price offered in the will, then she had a right to renounce in the manner and form and within the time

prescribed by section 10 of the Dower act. When she did so renounce, her rights in the estate were those, only, which she secured under section 10 of that act, which provided that in case of such renunciation the widow should be entitled to dower in the lands and to one-third of the personal estate after the payment of all debts. This section fixed definitely the rights of the widow in case of renunciation where the decedent left children surviving him, and limited them to dower in the lands and to one-third of the personal estate after the payment of all debts. It did not give or purport to give to her the same interest which she would have received in case he died intestate. When she filed her renunciation her rights became fixed by the statute.

The section of the statute under which the widow is claiming in this case can have no application. It is a statute fixing the rules of descent of property where the owner dies intestate or of the distribution of any part of the estate of a testator which is intestate estate. This fact is emphasized by the use of the word "intestate" seven times in the clause under construction. By his will decedent disposed of his entire estate, none of which was intestate property. This court has held in a long line of cases that where the widow renounces the provision made for her by the will of her deceased husband and elects to take under the law, such renunciation does not have the effect to render any part of the estate of the deceased husband intestate estate. *McMurphy v. Boyles,* 49 Ill. 110; *Marvin v. Ledwith,* 111 id. 144; *ReQua v. Graham,* 187 id. 67; *Laurence v. Balch,* 195 id. 626; *Lewis v. Sedgwick,* 223 id. 213; *Dunshee v. Dunshee,* 251 id. 405, and 263 id. 188; *Wakefield v. Wakefield,* 256 id. 296; *Davis v. Mather,* 309 id. 284.

In 1925 the legislature amended section 10 of the Dower act, so that it now provides that upon renunciation of the provisions of a will by the widow she shall receive as her absolute estate, in lieu of dower, one-third of each parcel

of real estate which the deceased owned at the time of his death. The enactment of this amendment in some degree tends to show that by the amendment of the law of descent in 1923 it was not intended to give the widow who renounced the provisions made for her in the will of a testator an estate in fee simple in his lands.

The circuit court erred in finding that appellee Ida Kilgore, upon renunciation of the provisions made for her in the will, became possessed of one-third of each parcel of the real estate owned by the deceased at the time of his death as her absolute estate and decreeing partition in accordance with such finding.

The decree of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*