Mrs. M. E. Cochran, Complainant, Appellee, *v.* A. L.
Garth *et al.*, Defendants, Appellants.

(*Jackson*, April Term, 1931.)

Opinion filed June 11, 1931.

Petition to rehear denied July 18, 1931.

60

F. J. SMITH, for complainant, appellee.

PIERCE & FRY, W. E. HUDGINS and T. O. MORRIS, for defendants, appellants.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

A. L. Cochran died in May, 1927, survived by his widow, the complainant herein, and by two daughters, Mrs. H. B. Horner and Mrs. C. P. Patterson. His last will was duly probated in Obion County.

The net personal estate left by Mr. Cochran consists of $8990.67, in cash or its equivalent, and of three promissory notes, the makers of which are conceded to be wholly insolvent. Complainant, as surviving widow, would have been entitled to one-third of the cash, and one-third of the insolvent notes, if there had been no will disposing of the estate. Shannon's Code, section 4172. Having dissented from the will, it would seem that the widow's share of the estate would be in the same amount as if there had been no will, the statute (Shannon's Code, section 4147) providing: "When a husband shall die, leaving a will from which the widow dissents, within the time and in the manner provided by law, and leaving no child, or not more than two, his widow shall be entitled to one-third part of the personal estate, in addition to her dower in the real estate as provided by law." The general rule under this statute is that upon the dissent of the widow, "the whole estate is open, so far as she is concerned, and she is let into the enjoyment of all her

rights thereto, in as ample a manner as if her husband had died wholly intestate; . . . She cannot, if she accepts the will, claim an interest, as distributee, even in property not disposed of by the will; and *vice versa,* if she dissents from its provisions, she can claim nothing under it. *Waddle* v. *Terry,* 44 Tenn. (4 Cold.), 51, 54-55; *Walker* v. *Bobbitt,* 114 Tenn., 700.

But it is contended for the widow that a different result must be decreed, because of the provisions of her husband's will, the third item of which is as follows:

"Subject to the provisions of this will above set out, I give the personalty of which I may die the owner, equally to my two daughters, Mrs. H. B. Horner and Mrs. C. P. Patterson, but with the provision and requirement that Mrs. Horner shall take and accept on, and as a part of her one-half of said personalty, any notes or debts that her husband, H. B. Horner, either as principal or indorser, may owe me or my estate at my death; and this same provision and requirement shall apply to Mrs. Patterson, in that she shall also be required to take and accept as a part of her one-half of said personalty, any notes or debts that her husband, C. P. Patterson, either as principal or indorser, may owe me or my estate at my death."

The Chancellor and Court of Appeals have concurred in finding that at the date of the death of the testator, he held two notes of H. B. Horner in the aggregate sum, principal and interest, of $4298.81, and a note of C. P. Patterson amounting to $1406.30, including interest to the date of the testator's death. We find ample evidence to support this finding, and agree with the holding of the Chancellor and Court of Appeals that the two Horner notes are the debts of H. B. Horner, within the applica-

tion of said item three of the will. Both H. B. Horner and C. P. Patterson are insolvent, and the notes had no present monetary value, at the date of Mr. Cochran's death, or subsequently.

It is the contention of the widow, sustained by the Chancellor and Court of Appeals, that the two notes of H. B. Horner are bequeathed to Mrs. Horner, and the note of C. P. Patterson bequeathed to Mrs. Patterson, as specific legacies at their face value, and are so to be considered as augmenting to the extent of their face value the value of the net personal estate left by the testator, from which the widow's one-third part is to be computed. The face value of the Horner notes, $4298.81, and the face value of the Patterson note, $1406.30, added to the valuable personalty of $8990.67, make a total of $14,-695.78, of which one-third is $4898.59. The argument continues that since the three notes are made the subject of specific legacies to the two daughters, Mrs. Cochran is entitled to have the sum of $4298.81 paid to her out of the valuable property not specifically, but generally, bequeathed to the two daughters by the will.

We cannot escape the conclusion that, by ascribing a fictitious value to the three notes because of the provisions of the will, the decree of the Court of Appeals has awarded the widow a share of the personal estate in excess of one-third, while the statute under which she claims limits her to a one-third part.

The decree of the Court of Appeals is rested largely upon the authority of *Armstrong* v. *Park's Devisees,* 28 Tenn. (9 Humph.), 194. In that case the testator held obligations against his three sons-in-law which were specifically bequeathed to them respectively. The widow having dissented from the will, it was held by the court

that these obligations, specifically bequeathed, should be considered as a part of the *corpus* of the estate, together with all other personal property in possession or in action, but "only to be taken into consideration in estimating the amount of personalty out of which the dissenting widow is entitled to distribution." No suggestion is to be found in the opinion that the three sons-in-law were not solvent or that their several obligations to the testator were not worth their face value as assets of the estate. Hence the case is not in point on the only question here under consideration, which is the value to be placed on the Horner and Patterson notes in computing the *corpus* of the personal estate of which the widow is entitled to a one-third part by the statute. It is conceded by the legatees that the notes are to be treated as a part of the *corpus* of the personal estate, which is the point ruled in the case cited, but it is contended for them that these notes are to be so treated at their actual value and not at their face value; and this we conceive to be the controlling question here.

It is contended for the widow that the testator included item three in his will, with knowledge of his widow's statutory right to dissent and take under the statute. And this is true. *Hill* v. *Hill,* 159 Tenn., 27, 33, and cases there cited. But it by no means follows, in our opinion, that item three of the will evidences an intention on the part of the testator that, in the event of a dissent by the widow, his daughters should be charged with the debts of their respective husbands in such manner as to increase the actual value of his estate and so increase the value of her statutory portion. On the contrary, it seems to us obvious that the testamentary reference to the debts of the sons-in-law was made for the

sole and only purpose of working equality between the two daughters in the distribution of the estate, the testator regarding his loans to his sons-in-law as in the nature of advancements to his daughters respectively.

In *Brown* v. *Dortch,* 59 Tenn. (12 Heisk.), 740, 756-757, the testator made specific provision for an equal division of his estate between his wife and children, with certain specific bequests to his wife in addition. By a codicil to his will, he referred to certain advancements to two of his children and said: "all of which must be estimated, of course, in the future distribution of my estate." Recognizing the general rule that advancements are not to be collated in favor of the widow in cases of intestacy, the court held that, unless a will should disclose a different purpose or intent, a simple requirement of equality, share and share alike, among his devisees and legatees, would not entitle the testator's widow as one of such devisees and legatees to more than "equality in the property left at his death." And so it was ruled in the cases cited that the direction in the codicil for the collation of advancements had reference only to the equalization of the children alone, and did not include the widow.

It is of course to be recognized that the debts held by the testator in the case at bar against his sons-in-law were not "advancements" in the strict or technical sense of the word. The term is defined to mean "a gift by a parent to a child by anticipation, in whole or in part, of what is supposed the child will be entitled to on the death of the parent." *Cazassa* v. *Cazassa,* 92 Tenn., 573, 581; *Johnson* v. *Patterson,* 81 Tenn., 626, 632-633. Yet the direction of the will that the two daughters share equally in the distribution of the estate, with the further direc-

tion, in the nature of a proviso, that each daughter should take and accept as a part of her one-half share any debts or notes that her husband should owe the testator at the date of his death, clearly demonstrates that he regarded these debts as advancements to each of his daughters, and intended that they be treated as such in the distribution of his estate.

The dissent of the widow has operated to interfere with the plan and desire so expressed only to the extent of reducing by one-third the value of the estate to be shared by the daughters; and such dissent "imposes upon the courts, construing the will, the necessity of subjecting the intention of the testator, which otherwise, if not contrary to legal policy, is to prevail, to the rules of law applicable to the new state of facts created by the dissent." *Waddle* v. *Terry*, 44 Tenn. (4 Cold.), 51, 56. This language of the court is interpreted by Pritchard, Law of Wills and Executors (Sizer), section 399, thus: "The dissent of the widow from the will of her husband, though it may defeat some of the arrangements made in the will, does not affect its construction."

The intention of the testator, ascertained from the language of the will, being only that his daughters should be charged with the debts of their respective husbands for the purpose of working equality between them in the distribution of the estate, the general rule that advancements are to be collated only in computing the shares of children as between themselves, and not in favor of the widow, suggests by strong analogy that item three of the will of Mrs. Cochran must be restricted in its application to the computation of the share of each of the daughters, without effect on the statutory share of the widow. *Brunson* v. *Brunson*, 19 Tenn. (Meigs), 630, 643-646;

*Richards* v. *Richards,* 30 Tenn. (11 Humph.), 428; *De-Vault* v. *DeVault* (Tenn. Chy. Appeals), 48 S. W., 361.

Our conclusion is, therefore, that the widow is entitled to one-third the total value of the net personal estate left by her husband, including the value of the three notes specifically bequeathed by item three of his will to his daughters; that, since the insolvency of the obligors on the three notes renders them uncollectible, worthless and of no value, according to the uncontradicted proof, the gift of them to the daughters does not in any amount deplenish or reduce the value of the personal estate, from which the widow's one-third portion is to be allotted. The widow's statutory rights are therefore fully satisfied by decreeing to her a one-third portion of the valuable personal assets of the estate.

The cause has been presented to this court on the petition for writs of *certiorari,* heretofore granted, filed by the two daughters of the testator. In so far as the decree to be entered here works a modification of the decree of the Court of Appeals, the several assignments of error of the petitioners are sustained; otherwise they are overruled for the reasons assigned in the opinion of the Court of Appeals.

The decree of this court will direct that the decree of the Court of Appeals be modified so as to provide that the complainant, Mrs. M. E. Cochran, as surviving widow, having duly dissented from the provisions of her husband's will, recover as her share of the personal estate of her said husband, one-third of the value of the net personal estate, in the valuation of which the three notes specifically bequeathed by item three are to be treated as worthless; that since the notes specifically bequeathed to the daughters of the testator are without value, the

widow is entitled to no additional or increased portion of the valuable personal assets on account thereof; and that the remaining two-thirds of the personal estate be divided between the two daughters of the testator in the proportions specified by item three of the will. The cause will be remanded to the Chancery Court of Obion County for further proceedings. Costs of the appeal and of this court will be paid by the administrator, *de bonis non,* as a part of the costs of administration, for which execution may issue here.