Harbeson v. Mellinger.

## EXECUTORS AND ADMINISTRATORS.

[Wayne (5th) Court of Appeals, January 28, 1913.]

Voorhees, Shields and Marriott, JJ.

MARY HARBESON, ADMRX. V. WILLIAM M. MELLINGER ET AL.

1. **Administration Costs, "Debts" of Estate.**

> Costs connected with the administration of the estate of a decedent and other obligations incurred in that connection are "debts" of the estate.

2. **Liability for Illegal Distribution of Personal Estate not Released by Discharge on Account Filed.**

> The fact that, upon the filing of his account, the probate court discharged an administrator from all further liability on his bond as such administrator, does not release him or his surety from liability for wrongfully or illegally distributing any part of the personal estate.

3. **Widow's Election not to Take under Will Entitles Her to Intestate Distribution Only.**

> A widow who elects not to take under the will of her deceased husband is entitled to only so much of the personalty belonging to the said estate as would have passed to her had her husband died intestate.

> [Syllabus by the court.]

APPEAL.

*Frank Taggart,* for plaintiff.

*Kean & Adair,* and *Mahlon Rouch,* for defendants.

**SHIELDS, J.**

This case is in this court on appeal from the judgment of the court of common pleas of this county and is submitted upon an agreed statement of facts. It is a suit brought by the plaintiff, Mary Harbeson, as administratrix of the estate of Sarah C. Fair, deceased, against William M. Mellinger and the American Surety Company of New York, defendants, to recover from the said defendants the widow's share of the personal estate of her husband, Christian Fair, deceased, who died June 14, 1903, leaving a last will and testament, containing, among other provisions, the following:

"Item 2. I hereby direct that after my death my children or their legal representatives shall pay my funeral expenses and all my other debts, and the residue of my estate not hereby be-

queathed to my wife herein mentioned shall be equally divided among my children or their legal representatives.''

Said will also contained a provision devising to Sarah C. Fair, his wife, certain real estate therein described and the household effects together with certain other personal property therein referred to. It appears that said will was duly probated and that the said Sarah C. Fair as such widow did not elect to take the provisions of said will. She died February 1, 1904.

It also appears that the defendant, William C. Mellinger, was appointed administrator of the estate of said Christian Fair, deceased; that the defendant, the American Surety Company of New York, became surety on his bond as such administrator, and for the purpose of paying the debts of said decedent and the costs of administering his estate, the said Mellinger as such administrator sold the personal property and certain real estate of said decedent; and that the balance of the real estate of said decedent was divided between Malinda Ryland, Elizabeth Hyle and Sadie Piper, children of the said Christian Fair, deceased, in certain partition proceedings, with the knowledge of said administrator. That after paying all of said debts and the costs of administration, the said Mellinger as such administrator had in his hands of the personal estate of said decedent the sum of $523.05, which said sum said administrator distributed to the legatees named in said will, but no part of which was paid or distributed to said widow. It also appears that among the assets of said estate was an insurance policy of $1,000 on the life of one Dr. Lerch, which the said Christian Fair in his lifetime had become the owner of, and which said policy of insurance said administrator procured an order of the probate court to distribute in kind among said legatees who accepted the same. That no part of said insurance policy was paid or distributed to said widow. That afterward said administrator filed partial accounts in the probate court showing the distribution of said sum of money above referred to, and also his account showing the distribution of said insurance policy in kind among said legatees, which said accounts were by said probate court approved.

Harbeson v. Mellinger.

It is claimed on behalf of the widow that having declined to accept the provisions of said will by taking under the law she is entitled, under the laws of. this state, to recover her share of the personal estate of the said Christian Fair, deceased, after said debts and costs of administration are paid, including her share as widow out of said insurance policy, while the defendant William M. Mellinger claims that he distributed said estate under the order of the probate court and is therefore discharged from all liability growing out of the administration of said estate.

The first inquiry which arises is, did said decedent have any personal estate? The first item in said will indicates that he did, for he therein bequeaths certain personal property to his wife, and in addition to this, the agreed statement of facts shows that said administrator received from the sales of personal property the sum of $523.05. As stated, the widow declined to accept the provisions of said will; hence in taking under the law she can only avail herself of the provisions of the law in respect to her rights as widow in the personal estate of the said Christian Fair, had he died intestate.

Section 10571, G. C., provides that:

"The election of the widow or widower to take under the will shall be entered upon the minutes of the court. If the widow or widower fails to make such election, she or he shall retain the dower, and such share of the personal estate of the deceased consort as she or he respectively would be entitled to by law in case the deceased consort had died intestate, leaving children."

But it is claimed that inasmuch as the widow elected not to take the provisions of said will, she is barred of distribution in any of the moneys remaining in the hands of the administrator as personal property after the payment of the debts of the said decedent. Having elected to take under said will, the widow of course is remitted alone to the provisions of the law, for she can not invoke the benefit of both. She must rely upon one or the other.

Item 2 in said will directs that "out of my estate my

children shall pay my funeral expenses and all my other debts.''

It is contended by the defendants that the term ''debts'' as used here does not include the payment of costs of administering said estate. In this contention we can not agree, for it is held that the term ''debts'' includes not only the debts that the testator was owing at the time of his decease, but also all that might accrue thereafter in the settlement of his estate. *Bane* v. *Wick*, 14 Ohio St. 505, 514.

Hence we are of the opinion that the costs of administering said estate, including all other estate obligations arising out of the same—obligations created by law—are debts payable by said estate within the meaning of the term ''debts'' used in said item.

Is the personal estate of the said decedent liable for the debts of the decedent? Ordinarily the personal estate of a decedent is primarily liable for the payment of his debts, unless in a case where there is a will the testator by express words or by manifest intention, excepts it. *Bane* v. *Wick*, *supra*, *McFait's Appeal*, 8 Pa. St. 290, 292.

From the first item of said will which gives to the widow certain real estate, and in substance his personal estate, it is apparent that the intention of the testator was that his personal estate should not be applied in discharge of his debts. In answer to this the defendants say that the widow having declined to take under the will, the case does not fall within the exception referred to in the authority cited, but does it not follow that the legatees named in said will having accepted the benefits thereunder, must likewise assume the burdens? As stated by the learned judge announcing the opinion in the case of *Case* v. *Hall*, 52 Ohio St. 24, 32 [38 N. E. Rep. 618; 25 L. R. A. 766], ''that he who takes a benefit under a will must take it subject to its provisions; any other construction would necessarily defeat the intention of the testator.''

In the case at bar it appears that the administrator, with the consent of the children, caused the personal property and certain portions of the real estate to be sold to pay the debts of the said decedent, and that after the payment of such debts

Harbeson v. Mellinger.

and the costs and expenses of administering said estate, there was a balance of $7,533.08 remaining in his hands, of which said sum the sum of $523.05 was received from the sale of personal property belonging to said estate. This sum of $503.05 is exclusive of the $1,000 insurance policy on the life of Dr. Lerch, which it appears the said Christian Fair in his lifetime had become possessed of. It is claimed on behalf of the defendants that an application was made by the administrator Mellinger to the probate court for an order authorizing him to distribute said insurance policy to said legatees in kind, and that after a hearing had said court granted said order, and upon report made by the administrator of such distribution, said court confirmed the same. It is claimed that the widow is concluded by these proceedings, and to sustain such claim, among others, counsel for defendants cite us to the case of *Eichelberger* v. *Gross*, 42 Ohio St. 549, and quote therefrom as follows:

"The judgments and orders of the probate court, including the approval of partial and final accounts of guardians, import absolute verity, between the parties thereto, and they can not be contradicted or questioned collaterally."

We have no hesitancy in recognizing the probate court as to matters coming within its jurisdiction as a court of record, and that its judgments are of the same binding force as judgments in other courts, but such court must have jurisdiction of the parties to enable it to either judgment. How was it here? The agreed statement of facts signed by the parties hereto shows that the administratrix of the estate of the widow was not a party to these proceedings; hence she could not be, nor was she bound thereby, *Swearingen* v. *Morris*, 14 Ohio St. 424, 433.

The mere fact that the probate court made an order discharging said administrator from all further liability on his bond as such, upon the filing of his final account, is immaterial and of no legal effect, if distribution of the personal estate of said decedent was wrongfully made, and under the facts as we find them in this case, we are of the opinion that such personal

estate was illegally and wrongfully distributed, and that the widow of the said Christian Fair, deceased, is entitled under the law to her distributive share in the personal estate, that is, that the plaintiff as administratrix of Sarah C. Fair, is entitled to recover a judgment against the defendants William M. Mellinger and the American Surety Co. of New York for one-half of the present value of said insurance policy up to $400, and one third of the balance in excess of $400, including also one-third of said sum of $523.05, with interest on the sum so found to be due, from May 7, 1910. Exceptions noted.

**Voorhees** and **Marriott, JJ.,** concur.