COMMERCE UNION BANK, etc., et al.,

*v*

MRS. PEGGY ALBERT

(*Nashville*, December Term, 1956)

Opinion filed April 1, 1957.

JORDAN STOKES, III and H. SANDERS ANGLEA, Nashville, for appellants.

LOUIS LEFTWICH, JR., Nashville, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

The executors and trustees under the will of Sydney Albert, deceased, by petition to the Judge of the County Court seek to recover the sum of $3,429.12 from Mrs. Peggy Albert, who is the widow of Sydney Albert, deceased. The sum of money, claimed to be due and owing, is her contribution to the Federal Estate Tax and Tennessee Inheritance Tax upon property which came into her hands as the widow of Sydney Albert.

The case is before this Court on a stipulation of facts, as follows: The Commerce Union Bank and Louis Albert are the duly qualified executors and trustees under the will of Sydney Albert, deceased. The widow, Mrs. Peggy Albert, was named as a beneficiary under the will, she being devised an interest in certain real estate owned by the testator, and also as beneficiary of a trust set up in the will. Mrs. Peggy Albert dissented from the will, and it became necessary to assign her a dower interest in the

aforesaid real property. She agreed to accept for her dower interest the sum of $23,250 in cash, and the executors paid her this sum of money in addition to a year's support.

Other stipulations are not necessary to a decision of the present controversy.

In paragraph (6) of the petition the executors charge that under the Code of Tennessee, Section 30-1117, the defendant is required to make contribution to the petitioners to cover the estate and inheritance taxes, etc.

The widow answered the petition, admitting her dissent from the will and that she was assigned a dower interest in the real estate of her deceased husband. She expressly denied that she was obligated to make any contribution toward the payment of the taxes claimed. Contention is made that Section 30-1117, T.C.A., has no application and that the testator in his will made the following provision with reference to the payment of inheritance taxes:

"First, I direct that all of my just debts be paid as soon after my death as practicable and that no part of any estate or inheritance taxes for which my estate or any beneficiary hereunder may be liable as such beneficiary, including such taxes on life insurance on my life or any other property not passing by my will, may be recovered by my executors from my wife or any other beneficiary hereunder, but that all of such taxes shall be paid by my executors from my residuary estate."

By decree of the County Judge the defendant was exonerated from all liability for such taxes. The petition was accordingly dismissed.

The issue as to her liability is now before this Court on an assignment of error by appellants, the executors and trustees.

The pertinent part of Section 30-1117, T.C.A., relied on by the appellants is the following:

"Whenever the personal representative of an estate has paid an estate or death tax to the government of the United States under any federal tax law now in effect or hereafter enacted by congress, upon, or with respect to, any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, *except in a case where a testator otherwise directs in his will,* shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues." (Emphasis supplied.)

In another paragraph of the same Section of the Code, there appears the following:

"So far as is practicable, *and unless otherwise directed by the will of the decedent,* the tax shall be paid by the personal representative, as such, out of the estate before its distribution. In all cases in which any property required to be included in the gross estate does not come into the possession of the personal representative, as such, he shall be entitled, and it shall be his duty, to recover from whomever is in possession, or from the persons interested in the estate, the proportionate amount of such tax payable by the persons interested in the estate with which such persons interested in the estate are chargeable under the provisions of this section and sec. 30-1118." (Emphasis supplied.)

But, say the appellants, there is no will in so far as the widow is concerned; that "The widow, by dissent from her deceased husband's will, creates as to her an intestacy." The authorities cited by the counsel in support of the above proposition leave no doubt in the mind of the Court that where the widow dissents from her deceased husband's will, he dies intestate in the sense that she can claim nothing whatever under the will.

But in the case at bar he died testate, devising and bequeathing valuable property to a number of named beneficiaries. He must have known that the widow could dissent and take that which the law cast upon her; he directed the payment of taxes out of the residue of his estate "for which my estate or any beneficiary hereunder may be liable as such beneficiary, * * * or any other property not passing by my will." (Emphasis supplied.)

Now it is true the will has reference to the payment of Federal Estate and Inheritance taxes due by *beneficiaries* (and they have been exonerated by the express terms of the will). It is equally as clear that the testator directs that the executors must pay such taxes upon "any other property *not passing by my will*." This direction would apply to void devises and bequests, if any, and to property not mentioned in the will. The direction clearly applied to all interests in property which passed to the widow by virtue of her dissent from the will.

The statute to which we have referred, and quoted in part in this opinion, Section 30-1117, T.C.A., contains no provision to the contrary. The italicized language in the statute emphasizes that a testator may direct payment of these taxes as he may see fit. The executors are

not privileged to ignore the will even though some indirect benefits may accrue to persons not claiming title to property pursuant to its provisions.

In Pritchard on Wills and Estates (Phillips' Revision), Section 399, it is said:

"The construction of a will is not to be varied by events happening subsequent to its execution; e.g., the dissent of the widow from the will of her husband, though it may defeat some of the arrangements made in the will, does not affect its construction."

The foregoing text finds ample support in *Cochran v. Garth*, 163 Tenn. 59, 40 S.W.2d 1023, 76 A.L.R. 1413, and other cases cited in the footnotes.

"Renunciation does not affect the construction of the will, nor make it inoperative as to the remaining provisions, except as far as it may be necessary to cut down the amount thereof in order to satisfy the claims of the party who refuses to take under the will.

\* \* \* \* \* \*

"Election of a beneficiary to take property rights against a will does not ordinarily render inoperative a provision of the will imposing upon him a personal duty to act as trustee, guardian, or the like. It has been held by some courts that one renouncing a devise or bequest in order to take rights existing independently of the will may not act as executor, but other courts hold otherwise." Page on Wills, Section 1383, Chapter 36, pp. 76 and 77.

"The widow, by her renunciation, rejected the provision which the testator had made for her and in effect obliterated it from the will; and the remaining

provisions of that instrument were left to operate upon the part of the estate not included within her statutory share or interest." *Spaulding v. Lackey,* 340 Ill. 572, 173 N.E. 110, 111; *Hesseltine v. Partridge,* 236 Mass. 77, 127 N.E. 429.

To the same effect see *Murphy v. Murphy,* 125 Fla. 855, 170 So. 856 (direction in the will that taxes and expense of administration be paid out of the residuary estate held not to affect the share of the widow electing to take against the will).

The decree of the trial court is affirmed.