WEEKS, EXR., *v.* VANDEVEER ET AL.

(No. 681072—Decided April 22, 1966.)

*Mr. James A. Weeks,* for plaintiff.

*Messrs. Thompson, Hine & Flory,* for defendant Wilda Ruth Vanderveer.

*Messrs. Walter & Haverfield,* for defendant trustees.

ANDREWS, Chief Referee. This case is concerned with the marital deduction; the burden of estate and inheritance taxes; and the effect of an election by the surviving spouse to take under the statute of descent and distribution.

Welzie W. Vandeveer died on October 31, 1964. His will was admitted to probate in this court on November 10, 1964. Mr. Vandeveer is survived by a widow, Wilda Ruth Vandeveer; a daughter, Ruth Vandeveer Basham; and a son, James W. Vandeveer.

Plaintiff is the executor of Mr. Vandeveer's will, and he brings this action for a declaratory judgment.

Item One of the will contains a direction to the executor to pay all debts, charges, etc. out of the principal remaining after satisfaction of Items Two through Six, "except the taxes for the payment of which provision is made in Item Seven hereof."

Item Two contains a specific bequest, and Item Five a specific devise on condition. Item Four contains eight pecuniary bequests. Item Three provides for the sale of certain property in order to satisfy the bequests in Items Four and Six.

Item Six creates the "marital deduction" trust. By its terms the testator bequeaths to Central National Bank of Cleveland and Wilda Ruth Vandeveer, trustees, "as a monetary bequest, an amount equal to one-half of the value of all property owned by me at the time of my death * * *, excluding all property referred to or described in Item Two hereof, in trust * * *."

The net income from the trust estate is to be paid to Wilda Ruth Vandeveer during her lifetime, and provision is made for invasion of principal for certain purposes. Mrs. Vandeveer is also given a "general" power of appointment by will. In case of her failure to exercise the power, the trust property is to be added in equal portions to the trusts provided for in Item Eight.

The terms of the Item Six trust make it eligible for the marital deduction, assuming, of course, that the property qualifies. See Lowndes and Kramer, Federal Estate and Gift Taxes, Sections 42.8, 42.9 (2d ed. 1962).

Item Seven is of sufficient importance to be quoted in full:

"Out of the principal of my estate remaining after satis-

faction of the foregoing Items hereof, my Executor next shall pay all estate, inheritance and other taxes of a similar nature (including any interest and penalties thereon) that may be assessed or imposed by reason of my death under any domestic or foreign laws with respect to any and all property taxable under such laws, whether or not such property passes under this will and regardless of whether such taxes are payable by my Executor or by any other person. No person shall be required to reimburse or contribute to my estate for any part of any such payment."

I will refer to Item Seven as the "tax clause."

Item Eight bequeaths the residue of testator's property to Central National Bank of Cleveland, and provides for the establishment of two trusts, one for the benefit of testator's son, the other for the benefit of testator's daughter, each to become a cotrustee of the applicable trust.

Further provisions of the will are not pertinent to the issues in this litigation.

Mrs. Wilda Ruth Vandeveer elected, pursuant to Section 2107.39, Revised Code, to take under the statute of descent and distribution, Section 2105.06, Revised Code.

It is this election which gives rise to the problems confronting us. Had Mrs. Vandeveer elected to take under the will, the tax clause would have governed, leaving the marital deduction trust created by Item Six free of the burden of estate and inheritance taxes. See Lowndes and Kramer, Federal Estate and Gift Taxes, Section 42.5, pp. 836-837 (2d ed. 1962).

We are asked the following question:

Mrs. Vandeveer having elected to take under the statute of descent and distribution, are the federal estate and Ohio inheritance taxes nevertheless to be paid in accordance with Item Seven, the tax clause, or are they to be deducted from and paid out of the estate before computing the widow's one-third share?

Section 2107.39, Revised Code, provides that if the surviving spouse elects to take under the statute of descent and distribution, Section 2105.06, Revised Code, "such spouse shall take not to exceed one half of the net estate * * *."

Section 2105.06, Revised Code, provides in part that when

a person dies intestate, the personal property shall be distributed and the real estate shall descend and pass in parcenary "in the following course:"

Division (B) of the section states in part that where there is a spouse and one child, the property goes one half to the spouse and one half to the child. By division (C), if there is a spouse and more than one child, as in the present case, one third goes to the spouse and the remainder to the children equally.

In *Campbell* v. *Lloyd* (1954), 162 Ohio St. 203, the Supreme Court held, by its syllabus, that where a widow elects to take under the statute of descent and distribution, "the amount of the federal estate tax on the decedent's estate should be deducted therefrom before computing the widow's share thereof."

In the opinion, Judge Taft made the following statement:

"We are in agreement with the Court of Appeals that the words 'net estate,' as used in Section 10504-55, General Code (now Section 2107.39, Revised Code), describe the same property as do those words of Section 10503-4, General Code (now Section 2105.06, Revised Code), which describe the property to be distributed and to descend and pass pursuant to the provisions of the latter statute." 162 Ohio St. at 205.

In other words, the one-half or one-third share of the spouse under Section 2105.06, Revised Code, refers to the respective share of the *net estate* as computed in *Campbell* v. *Lloyd, supra.*

Furthermore, in determining the value of a succession under the Ohio inheritance tax law (Section 5731.01 through 5731.56, Revised Code), the federal estate tax must first be deducted. *Tax Commission* v. *Lamprecht* (1923), 107 Ohio St. 535, approved and followed in *Campbell* v. *Lloyd, supra.* Indeed, it is conceded by counsel that, except for the tax clause, Mrs. Vandeveer would be obliged to bear her share of the death taxes.

The Ohio rule prevents the widow from obtaining the full advantage of the federal marital deduction law. 26 U. S. Code, Section 2056. This was explained in *Miller* v. *Hammond* (1952), 156 Ohio St. 475, where the court held that federal estate taxes should *not* be deducted before computing the surviving spouse's statutory share, as to do so would deprive the spouse of the

benefit of the marital deduction law. However, *Miller* v. *Hammond* was expressly overruled by *Campbell* v. *Lloyd, supra*.

Under the marital deduction law there can be a deduction for qualified property passing to the surviving spouse to the value of one-half the adjusted gross estate. The adjusted gross estate is determined by subtracting from the gross estate certain items such as funeral expenses and costs of administration. But the adjusted gross estate does not include a subtraction for death taxes. And without such a subtraction, the marital deduction will be greater and, consequently, the federal estate tax less. See 26 U. S. Code, Sections 2056(a), 2056(c)(1), 2056(c)(2)(A), 2053, 2053(c)(1)(B), 2054.

For better or for worse, however, the final burden of death taxes depends upon state law. 26 U. S. Code, Section 2056(b)(4)(A); *Riggs* v. *Del Drago* (1942), 317 U. S. 95; *Merchants Nat. Bank & Trust Co.* v. *U. S.* (7th Cir. 1957), 246 F. 2d 410; *Herson* v. *Mills* (Dist. Col. 1963), 221 Fed. Supp. 714; see 34 Notre Dame Lawyer 195 at 196-197 (1959). And if state law saddles property bequeathed to the widow with part of the death tax burden (as Ohio does), the value of the property "passing" to her, and hence the marital deduction, is decreased and the federal estate tax increased, and the marital deduction falls below the possible maximum. See Reg. Sections 20.2056(b)-4 (c)(1) and 20.2056(b)-4(c)(2) (1958); 4 Rabkin and Johnson, Federal Income, Gift, and Estate Taxation, Sections 53.04B(3); 53.04 B(6) (1965 with Supp.); Lowndes and Kramer, Federal Estate and Gift Taxes, Section 42.5, p. 836 (2d ed. 1962).

It should be noted that the marital deduction law applies not only to property passing by will, but also to property passing under the law, either by intestacy or by the surviving spouse's election. 26 U. S. Code, Section 2056(e)(2)(3); Reg. Section 20.2056 (e)-2(c) (1958); 34 George Washington L. Rev. 319 at 341 (1965); 1 Casner, Estate Planning 58 (3d ed. 1961, with 1965 Supp.); Lowndes and Kramer, Federal Estate and Gift Taxes, Section 17.5 (2d ed. 1962).

A great deal of material has been published on the seeming inequity resulting from a situation like that in Ohio, where the basic purpose of the marital deduction law is not fulfilled. See, for example, 34 Notre Dame Lawyer 195 (1959); 3 Kansas L.

Rev. 60 (1954); Perelman, Estate Tax Liability and the Marital Deduction, 5 Western Reserve L. Rev. 389 (1954); 52 Michigan L. Rev. 1078 (1954). Nevertheless, there is no doubt that, at least in the absence of a tax clause, the surviving spouse, under Ohio law, takes her statutory share on the basis of the net estate, arrived at after deducting death taxes.

However, Mr. Vandeveer's will contains a tax clause (Item Seven), the effect of which is to relieve the marital deduction property of all estate and inheritance taxes, and to place the entire burden thereof on the residue, thereby increasing the marital deduction and decreasing the federal estate tax.

Counsel for the widow contend that notwithstanding the widow's election to take under the law, Item Seven is still effective. They cite *Union Commerce Bank* v. *Roth* (1964), 120 Ohio App. 349, Court of Appeals for Cuyahoga County, as controlling. The *Roth case* will be discussed later.

Counsel for the trustees contend that *Campbell* v. *Lloyd, supra,* and Sections 2107.39 and 2105.06, Revised Code, as interpreted therein, limit the surviving spouse to her one-third share net, and that inasmuch as she elected to take against the will, she cannot claim any benefits under it. In their opinion, the *Roth decision* conflicts with *Campbell* v. *Lloyd* in principle, and is erroneous.

Cases are cited in the brief of counsel for the widow on the general proposition that rejection of the will by the surviving spouse does not destroy the efficacy of the will or alter the overall operation of the testamentary plan. See, for example, *Davidson* v. *Miners and Mechanics Savings & Trust Co.* (1935), 129 Ohio St. 418. But this general proposition and the cases cited do not reach our precise problem.

Cases are also cited pro and con as to whether a tax clause constitutes a bequest, but they, too, do not solve our problem for the very good reason that when the surviving spouse elects to take under the law, she gives up not only what are technically bequests and devises made for her, but also other benefits accruing to her under the will. See *Dakan* v. *Dakan* (1935), 125 Tex. 305, 83 S. W. 2d 620, affirming 52 S. W. 2d 1070 (Tex. Civ. App. 1932) (provision for payment of taxes on the home place); *Ashelford* v. *Chapman* (1909), 81 Kan. 312, 105 Pac. 534 (provision allocating payment of purchase-money liens against child-

ren); *In re White* (1948), 150 Neb. 167, 33 N. W. 2d 470 (provision relieving surviving husband of liability for expenses of wife's last illness and burial); *Geiger* v. *Bitzer* (1909), 80 Ohio St. 65 (widow cannot take advantage of doctrine of equitable conversion). In the *Geiger case* the court said that having taken under the law, she "can not claim any benefit under the will, and to claim the proceeds of the real estate as personalty is claiming under the will." 80 Ohio St. at 75. In the syllabus the court held that when the widow elects to take under the law, her statutory share "can be neither increased nor diminished by any of the provisions of the will."

The *Geiger case* is still law in Ohio and is in accord with the general rule. 2 Pomeroy, Equity Jurisprudence, Section 517 f (5th ed. 1941).

See also *Weller* v. *Weller* (Com. Pl. 1934), 32 N. P. (N. S.) 329 (provision that certain stock should not be sold without widow's consent). In *Davidson* v. *Miners and Mechanics Savings & Trust Co.* (1935), 129 Ohio St. 418, which is not at all in point on the facts, the court quoted this general statement from an Iowa case: " 'The widow having rejected the will, its provisions in her behalf must be wholly disregarded.' " 129 Ohio St. at 424.

The principle that the renouncing wife can take no benefit from the will finds support in most of the tax clause cases. Admittedly, distinctions and peculiarities in the language of the various tax clauses, or otherwise, weaken these cases as direct precedents. Moreover, the marital deduction point, and the emphasis on tax saving, are often omitted or inadequately treated. Furthermore, the statement of the rule is often dictum or a secondary ground of decision. But with all their defects as precedents, these cases represent a point of view. To attempt to go into an analysis of each case would unduly lengthen this opinion and is unnecessary in view of the preceding cautionary remarks.

Here are some of the cases. *Herson* v. *Mills* (Dist. Ct., Dist. Columbia 1963), 221 Fed. Supp. 714; *Murphy* v. *Murphy* (1936), 125 Fla. 855, 170 So. 856; *Merchants Nat. Bank & Trust Co.* v. *U. S.* (7th Cir. 1957), 246 F. 2d 410 (involving Indiana law), *cert. den.*, 355 U. S. 881 (1957), *rehearing den.*, 355 U. S. 920 (1958); *Salvation Army, Inc.*, v. *Hart* (1958), 239 Ind. 1; *Old*

*Colony Trust Co.* v. *McGowan* (1960), 156 Me. 138, 163 A. 2d 538; *Estate of Marans* (1964), 143 Mont. 388, 390 P. 2d 443; *First Camden Nat. Bank & Trust Co.* v. *Hiram Lodge No. 81* (Ch. 1944), 134 N. J. Eq. 303, 35 A. 2d 490, *aff'd on opinion below*, 135 N. J. Eq. 505, 39 A. 2d 371 (Ct. of Errors and Appeals 1944); *Wachovia Bank & Trust Co.* v. *Green* (1953), 236 N. C. 654, 73 S. E. 2d 879; *First Union Nat. Bank* v. *Melvin* (1963), 259 N. C. 255, 130 S. E. 2d 387; *Rosenfeld Estate* (1953), 83 Pa. D. and C. 434 (testator cannot *reduce* widow's statutory share by direction in will relating to taxes).

*In re Uihlein's Will* (1953), 264 Wis. 362, 59 N. W. 2d 641, contains an excellent statement of the position taken. It is true that this statement may represent only an alternative ground of decision or may even be dictum, but it is worth quoting.

"In electing to take under the law she is not entitled to claim the benefit of the provision directing payment of federal estate taxes out of the residue. Such clause of the will remains effective as between the recipients of specific legacies and the remaindermen who take the residue, but the widow's renunciation of the will prevents such clause from being operative so as to relieve her share from the impact of the federal estate tax." 264 Wis. at 377, 378, 59 N. W. 2d at 649.

The author of an excellent comment on the *Uihlein case* maintains that the quoted passage is "the real basis of the court's decision." Gigure, The Widow's Election to Take Against a Will, 37 Marquette L. Rev. 365 at 373 (1954). An annotation in 37 A. L. R. 2d 7 (1954), at page 56, states the general rule to be that a surviving spouse who elects to take under the law can gain no benefit under the tax clause.

Representing the opposite point of view that the tax clause is still operative even though the surviving spouse elects to take under the law are, in chronological order, the following cases: *Commerce Union Bank* v. *Albert* (1957), 201 Tenn. 631, 301 S. W. 2d 352; *In re Barnhart's Estate* (1960), 102 N. H. 519, 162 A. 2d 168; and *Union Commerce Bank* v. *Roth* (1964), 120 Ohio App 349 (Court of Appeals, Cuyahoga County), which quotes from the two previous cases.

Actually, the *Albert case* turns mainly on a statute providing for equitable apportionment unless the testator directs otherwise in his will. The court said that under this statutory

provision the executors are not privileged to ignore the tax clause in the will even though some indirect benefits may accrue to persons not claiming title to property pursuant to its provisions, meaning, in this instance, the widow.

In *Barnhart* the court held that even without any tax clause, the applicable statutes gave the renouncing widow her share free from the burden of estate taxes. In this respect, the New Hampshire statutes differ from Ohio's. But the court also made the following pronouncement in paragraph six of the syllabus:

"A widow by waiving the provisions of her husband's will in her favor is not thereby deprived of the tax advantage resulting from a provision in the will that the estate tax shall be paid out of the residuary estate."

In *Union Commerce Bank* v. *Roth* (1964), 120 Ohio App. 349 (Cuyahoga Co.), the Court of Appeals, in reversing the Probate Court and upholding the tax clause despite the widow's election to take under the law, declared in the second paragraph of the syllabus that the tax clause "is intended as a tax-saving device, not as a benefit to the surviving spouse."

The parties stipulated that the payment of the taxes in accordance with the tax clause for the property passing to the widow, would save the estate approximately $41,000.

The Court of Appeals pointed out that the testator evidently wanted to take full advantage of the marital deduction law, thus keeping the federal estate tax as low as possible. Said the court:

"The only significant purpose of the tax clause was to save on the federal estate taxes. It was not intended as a benefit to the spouse and, therefore, is not affected by the election of the spouse to take under the law." 120 Ohio App. at 353.

And later:

"Item VIII is not a legacy or a disposition of property. It is an administrative direction to the executors as to the source of funds for the payment of taxes and as such it is to be given effect." 120 Ohio App. at 355.

The court made no reference to the cases supporting the view that the widow cannot take advantage of the tax clause when she elects to take under the law.

A note on the *Roth case* in 16 Western Reserve Law Re-

view 450 (1965), agrees with the decision. Two remarks by the writer of the note are especially significant. The first is at page 453:

"* * * An obvious frustration of the testator's intent results from holding the 'tax-payment' clause invalid."

And at page 454:

"* * * There appears to be no good reason why a * * * clause similar to that in *Roth* must be invalidated simply because the widow elects to take her statutory share. Giving effect to the testator's intention as expressed in such a clause is neither unfair to the other beneficiaries nor contrary to public policy."

Commentators have called attention to the dilemma in which fiduciaries and lawyers (to say nothing of clients) now find themselves by reason of the claimed inconsistencies between the *Roth decision* and *Campbell* v. *Lloyd*. Edwards, Marital Deduction Pitfalls—Methods of Losing the Marital Deduction, 16 Western Reserve L. Rev. 247 at 253-255 (1965); Fieselmann in Trust Bulletin, Ohio Bankers Association, Nov. 3, 1964.

However, counsel for the widow argue that the two cases are consistent. They also maintain that a careful reading of Judge Taft's (now Chief Justice) dissent in *Miller* v. *Hammond* (1952), 156 Ohio St. 475; and of his majority opinions in *McDougall* v. *Central Nat. Bank of Cleveland* (1952), 157 Ohio St. 45; and *Campbell* v. *Lloyd* (1954), 162 Ohio St. 203, indicates a strong possibility that if a testator manifests his intention by an adequate tax clause, the Supreme Court will declare the clause effective even though the surviving spouse elects to take under the law.

In *Miller* v. *Hammond, supra,* Judge Taft, in his dissenting opinion, did observe that there was nothing in the will to justify an inference or presumption that the testator intended that his widow should bear no share of the estate tax burden. 156 Ohio St. at 502. And in the *McDougall case*, he gave as the second "principal" reason for his dissent in *Miller* v. *Hammond*, the fact that testator's will "indicated an intention that the widow was to get less than her statutory share and so negatived any intention to free from the burden of the estate tax any share

which she might take that was greater than that provided for her in the will." 157 Ohio St. at 51.

However, neither the syllabus nor Judge Taft's majority opinion in *Campbell* v. *Lloyd, supra,* contains any hint as to whether or not the presence of a properly worded tax clause would have brought about a different decision.

It is true, as argued by counsel for the widow, that the *McDougall case* emphasized the absence of a provision in a will, or otherwise, showing an intent as to the ultimate impact of the federal estate tax. But *McDougall* dealt with apportionment between probate and non-probate assets, and there was no surviving spouse and hence no clash between the statute of descent and distribution and a tax clause.

Looking at these three Supreme Court cases as a whole, I would say that they are inconclusive on the question whether a tax clause is effective if the surviving spouse elects to take under the law, although there is a leaning in that direction, especially on the part of Chief Justice Taft. But in the absence of a more definite pronouncement, I think we must regard the question as an open one in so far as the Supreme Court is concerned.

We come, then, to the moment of decision—an agonizing moment, I must confess.

On the one hand we have the Ohio rule that the renouncing widow takes her one-third share after deduction of taxes, and the general principle that when she renounces the will she cannot benefit from it. By paragraph nine of the agreed statement of facts, it is stipulated that the children and their lineal descendants will receive "substantially less" if the tax clause is enforced, and, naturally, Mrs. Vandeveer will receive more. Yet the estate as a whole will be benefited by the increased marital deduction and the resulting decrease in the federal estate tax. For an interesting computation showing how this works out in the usual situation, see Perelman, Estate Tax Liability and the Marital Deduction, 5 Western Reserve L. Rev. 389 (1954).

In the last analysis, it seems to me that a testator who wants to take advantage of the marital deduction in order to preserve a greater portion of his estate for his family should

be permitted to do so, and that where he employs a tax clause to accomplish this purpose, it should be held effective even though his widow elects to take against the will, provided, of course, that the language of the tax clause is sufficiently broad to warrant such a construction.

It is true that as an incident to the carrying out of the testator's intent, the widow will receive more than the share designated by the literal wording of the statutes, but I do not think that the statutes should be interpreted so inflexibly as to frustrate the perfectly lawful and natural desire of the testator to lessen the blow of the federal estate tax. After all, the children will not be in any worse position than if Mrs. Vandeveer had elected to take under the will. In that event, the taxes would have been paid out of the residue, thereby diminishing the size of the trusts created in their behalf. In effect, these trusts were to be burdened by payment of the death taxes. There seems no reason why this burden should be lifted merely because of the widow's election. See *Harbeson* v. *Mellinger* (1913), 2 Ohio App. 75. Unless, of course, the tax clause shows such an intention.

Thus, entirely apart from any obligation to follow *Union Commerce Bank* v. *Roth,* it is my opinion that the tax clause is effective despite the wife's election to take under the law. In addition, I think that the decision of the Court of Appeals in *Roth* is binding upon me regardless of some minor distinctions. In each case the testator intended to minimize the federal estate tax by directing payment of that tax out of funds other than those going to the widow. That is the heart of each case.

In so far as the Ohio inheritance tax is concerned, no marital deduction and consequent tax saving is involved. But the testator intended both the federal estate tax and the Ohio inheritance tax to be payable out of the same fund, and there is no reason for us to tamper with his arrangements.

One final point must be mentioned. Counsel for the trustees and children maintain that even if a tax clause may prevail over the election statute (which they do not admit), the present tax clause is insufficient to show an intent on the testator's part that the clause is to be effective in the event of an election by the widow to take under the law. They call attention to the

fact that in *Roth*, Item VII, which immediately preceded the tax clause (Item VIII), contained the following:

"* * * In the event my said wife shall elect not to take under this my last will and testament, then the property disposed of herein shall pass as if my said wife predeceased me."

They argue that these words show that the testator realized the possibility of his wife's electing not to take under the will, whereas in the instant case there is nothing to show that he considered such a possibility.

Although in *Roth* the opinion does mention Item VII, it continues:

"The provision under Item VIII is so explicit it could not lend itself to any other interpretation—'I direct that all estate, inheritance and succession taxes * * * payable by reason of my death with respect to any property, whether passing under this will or otherwise, * * * shall be paid by my executors out of my residuary estate passing under Item IV of this my last will and testament and no beneficiary of any such property shall be required to reimburse my residuary estate for any taxes paid.'

"Nothing could be more clear * * *"

In substance, the tax clause in the Vandeveer will is the same, except that for the phrase "whether passing under this will or otherwise," Mr. Vandeveer's will substitutes "whether or not such property passes under this will." This slight difference in wording is of no significance.

Counsel for the trustees appear to take the position that there must be something positive in the tax clause to show an intent to have it operate even though the wife takes against the will. I think this is the wrong approach. Inasmuch as the paramount purpose of the clause is to save taxes, why should we assume that the testator does not want his purpose carried out merely because his widow elects to take under the law? Whether the widow takes under the will or under the law, we should assume that the testator wants the tax-saving clause to govern, unless, of course, the language precludes such an assumption.

I like what Chief Justice Kenison said in the case of *In re Estate of Barnhart* (1960), 102 N. H. 519, 162 A. 2d 168. In

discussing the language of the tax clause, which was not as specific as either Mr. Roth's or Mr. Vandeveer's, he remarked:

"In the post-mortem quietude of the testator's easy chair it is always facile to do some Sunday morning quarterbacking by saying what the testator could have provided in his will for the specific contingency of a widow's waiver of the will. A better formula could have been used but we think that the twenty-third clause of the will in its administrative provisions for the payment of taxes was adequate to take care of the payment of all death taxes, state and federal, upon all transfers, including that portion of the estate that passed to the widow by operation of state law."

Similarly, I think that Mr. Vandeveer's tax clause was sufficient to be effective under the circumstances of the present case.

### Conclusion

The federal estate and Ohio inheritance taxes are to be paid in accordance with Item VII of the will, and no part of these taxes is to be borne by the widow, Wilda Ruth Vandeveer.

*Judgment accordingly.*